UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE HURN, JR.,

        Petitioner,

    v.

MITCH PERRY,

        Respondent.[1]

_____/

CASE NO. 2:11-CV-13759
JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) AND PETITIONER'S MOTION FOR DISCOVERY AND AN EVIDENTIARY HEARING (docket #10)**

| | | |
|---|---|---|
| I. | RECOMMENDATION | 2 |
| II. | REPORT | 2 |
| | A. *Procedural History* | 2 |
| | B. *Factual Background Underlying Petitioner's Conviction* | 4 |
| | C. *Standard of Review* | 4 |
| | D. *Sufficiency of the Evidence (Claim II)* | 6 |
| |     1. *Clearly Established Law* | 6 |
| |     2. *Analysis* | 9 |
| | E. *Delay in Arrest (Claim III)* | 10 |
| |     1. *Clearly Established Law* | 11 |
| |     2. *Analysis* | 11 |
| | F. *Fingerprint Evidence (Claim IV)* | 14 |
| |     1. *Clearly Established Law* | 14 |
| |     2. *Analysis* | 16 |
| | G. *Ineffective Assistance of Counsel (Claims I & III)* | 19 |
| |     1. *Clearly Established Law* | 19 |
| |     2. *Analysis* | 21 |
| |         a. Fingerprint Expert | 21 |
| |         b. Motion to Dismiss | 21 |
| |         c. Waiving Officer Davis | 22 |
| |         d. Stephanie Bryant | 22 |
| | H. *Discovery/Evidentiary Hearing* | 24 |
| | I. *Recommendation Regarding Certificate of Appealability* | 26 |
| |     1. *Legal Standard* | 26 |
| |     2. *Analysis* | 27 |
| | J. *Conclusion* | 28 |
| III. | NOTICE TO PARTIES REGARDING OBJECTIONS | 28 |

---

[1]By Order entered this date, Mitch Perry has been substituted in place of Thomas Birkett as the proper respondent in this action.

I.       RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus, deny petitioner's motion for discovery and an evidentiary hearing, and deny petitioner a certificate of appealability.

II.      REPORT:

A.       *Procedural History*

1.       Petitioner Leslie Hurn, Jr., is a state prisoner, currently confined at the Newberry Correctional Facility in Newberry, Michigan.

2.       On April 16, 2008, petitioner was convicted of felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, following a bench trial in the Wayne County Circuit Court.  On April 30, 2008, he was sentenced to a term of five years' imprisonment on the felony-firearm conviction and a term of two years' probation on the felon in possession conviction.

3.       Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I.       DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHERE TRIAL DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR A FINGERPRINT EXPERT, FAILING TO BRING A MOTION TO DISMISS FOR DELAY IN ARREST, WAIVING THE TESTIMONY OF OFFICER DAVIS AND FOR FAILING TO CALL STEPHANIE BRYANT AS A WITNESS.

II.      DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN THE EVIDENCE WAS INSUFFICIENT WHEN VIEWED IN A LIGHT MOST FAVORABLE TO THE PROSECUTION AND COULD NOT JUSTIFY A REASONABLE PERSON FINDING ALL THE ELEMENTS OF THE CRIME WERE ESTABLISHED BEYOND A REASONABLE DOUBT.

III.     DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED WHERE THE DELAY IN ARREST RESULTED IN PREJUDICE TO DEFENDANT, AND WHERE TRIAL COUNSEL WAS

INEFFECTIVE FOR FAILING TO RAISE THE ISSUE PRIOR TO TRIAL.

IV.   DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL MAY HAVE BEEN VIOLATED BY THE NEGLIGENT HANDLING OF HIS FINGERPRINT EVIDENCE AND A REMAND IS REQUIRED TO DETERMINE WHETHER HIS EVIDENCE WAS PROPERLY TESTED.

Petitioner also filed a motion to remand the matter to the trial court for an evidentiary hearing on his ineffective assistance of counsel and evidence handling claims. The court of appeals granted in part petitioner's motion for remand, limited to the issue of counsel's alleged ineffective assistance in failing to call Stephanie Bryant as a witness. Following the evidentiary hearing, the trial court rejected petitioner's ineffective assistance claim. The court of appeal subsequently found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Hurn*, No. 286067, 2010 WL 4964053 (Mich. Ct. App. Dec. 7, 2010) (per curiam). Petitioner filed a *pro se* motion for reconsideration, but the motion was returned by the clerk without filing because it was untimely.

4.     Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Hurn*, 489 Mich. 933, 797 N.W.2d 147 (2011).

5.     Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on August 29, 2011. As grounds for the writ of habeas corpus, he raises the four claims that he raised in the state courts.

6.     Respondent filed his answer on March 6, 2012. He contends that petitioner's third and fourth claims are procedurally defaulted, and that all of the claims are without merit.

7.     Petitioner filed a reply to respondent's answer on April 16, 2012. Petitioner also filed a motion for discovery and an evidentiary hearing on the same date.

B.     *Factual Background Underlying Petitioner's Conviction*

3

The evidence adduced at trial was accurately summarized by the Michigan Court of Appeals on petitioner's direct appeal:

> Several Detroit police officers recounted at trial their actions in response to a May 2007 early morning dispatch concerning shots fired near the intersection of Capital and Fielding Streets in Detroit. Officer Justin Lyons, one of the first officers to respond, described his observances of four men standing in the front yard of a residence at 12094 Fielding, one of whom drew Lyons's attention when he started "walking away from the group." Officer Lyons identified defendant at trial as the man who had begun to distance himself from the other men present. According to Officer Lyons, "I illuminated [defendant] with the department-issued flashlight, observed the fact that he was carrying a [large hand]gun," which defendant discarded "into a grassy area around ... a dirt hill" in the yard of 12100 Fielding Street. Officer Lyons walked in pursuit of defendant, and advised other officers who had arrived on the scene of defendant's identity as the handgun possessor and the general location of the handgun defendant had discarded. Officer Ricky Betts testified that at Officer Lyons's direction he recovered near "a mound of dirt in the front lawn of a residential house" a dark-colored, loaded handgun bearing rust and many chips, gouges and scrapes. Officer George O'Gorman recalled that on the basis instructions from Officer Lyons, he arrested defendant, and O'Gorman identified defendant at trial as the person he had arrested. Defendant testified, denying that he possessed or owned a firearm on the May 2007 date of his arrest, or that he ever saw anyone else holding a weapon on that date.

*Hurn*, 2010 WL 4964053, at *1.

C.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

4

of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court

decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Sufficiency of the Evidence (Claim II)*

Petitioner first contends that the prosecution presented insufficient evidence to prove his guilt beyond a reasonable doubt.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

    1.      *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970).  Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is

6

whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution.  "[I]t is the responsibility of the jury–not the court–to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 4 (2011) (per curiam).  The *Jackson* standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (quoting *Jackson*, 443 U.S. at 319).  Likewise, a reviewing court "do[es] not make credibility determinations in evaluating the sufficiency of the evidence." *United State v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000); *see also*, *United States v. Bailey*, 444 U.S. 394, 424-25 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story.").  It is the job of the jury, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor of the prosecution.  *See Jackson*, 443 U.S. at 326.  As the Court has explained, "the only question under *Jackson* is whether [the jury's finding] was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065.  As the Sixth Circuit observe, "the *Jackson v. Virginia* standard is so demanded that a defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle." *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (en banc) (internal quotation omitted).  Under the amended version of § 2254(d)(1) a federal habeas court's review is "twice-deferential." *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (per curiam).  A state court's decision that the evidence satisfied the deferential *Jackson*

7

standard is itself "entitled to considerable deference under AEDPA." *Coleman*, 132 S. Ct. at 2065; *see also*, *Cavazos*, 132 S. Ct. at 4; *Davis*, 658 F.3d at 534 ("Adding to this extremely high bar [under *Jackson*] are the stringent and limiting standards of AEDPA.").

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 132 S. Ct. at 2064 (citation omitted) (quoting *Jackson*, 443 U.S. at 324 n.16). Petitioner was convicted of being a felon in possession of a firearm and possessing a firearm during the commission of a felony. "The elements of felon in possession of a firearm in Michigan are (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines." *Parker v. Renico*, 450 F. Supp. 2d 727, 733 (E.D. Mich. 2006) (Cohn, J.), *aff'd*, 506 F.3d 444 (6th Cir. 2007). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v. Avant*, 235 Mich. App. 499, 504, 597 N.W.2d 864, 869 (1999).

2.   *Analysis*

Petitioner contends that the prosecution presented insufficient evidence to show that he possessed a gun. He argues that the officers gave conflicting testimony as to the number of people

present, that it was dark outside, and that Officer Lyons's testimony regarding the clothing he was

wearing was inaccurate.  The Michigan Court of Appeals rejected this claim, reasoning:

> Officer Lyons testified that on arriving at the scene, he immediately focused
> his attention on defendant, who had begun to distance himself from the other
> individuals at the scene, and that he trained his flashlight on defendant, which
> allowed him to see defendant holding a handgun. This testimony standing alone
> adequately supported the trial court's finding beyond a reasonable doubt that
> defendant was the individual who had a firearm.  In rendering a verdict, the court
> recognized that the case required the court to resolve a "conflict in the evidence
> between the testimony of the defense witnesses, Mr. Ruff and [defendant] versus the
> testimony of Officer Lyons." And to the extent defendant criticizes the trial court's
> finding that Officer Lyons's "testimony as to what he saw and what he then
> immediately conveyed to the other officers to be accurate and truthful," we will not
> revisit the court's credibility assessment on appeal.

*Hurn*, 2010 WL 4964053, at *5.  This determination was reasonable.

As the court of appeals observed, Officer Lyons identified petitioner as the person in

possession of the gun, and he observed petitioner in actual, physical possession of the gun.

Petitioner does not dispute, nor could he, that this testimony, if believed, was sufficient to prove

beyond a reasonable doubt that he possessed a gun.  Rather, he contends only that this testimony was

not credible in light of the inconsistencies in various accounts and the fact that it was dark outside.

However, as explained above, witness credibility is solely the province of the trier of fact.  A

reviewing court may reverse a trier of fact's credibility determinations only where the testimony is

incredible as a matter of law, "such as where it was physically impossible for the witness to observe

that which he claims occurred, or impossible under the laws of nature for the occurrence to have

taken place at all."  *United States v. Radziszewski*, 474 F.3d 480, 485 (7th Cir. 2007) (internal

quotation omitted); *accord United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009); *United

States v. Gadison*, 8 F.3d 186, 190 (5th Cir. 1993).  Here, it was not physically impossible for

Officer Lyons to have observed petitioner in possession of a gun, nor was his testimony contrary to

the laws of nature. The fact that there may have been inconsistencies between the testimonies of the witnesses does not render the testimony incredible on its face. *See United States v. Patterson*, 23 F.3d 1239, 1244 n.5 (7th Cir. 1994).

The *Jackson* standard does not permit "fine-grained factual parsing" of the evidence by a reviewing court, *Coleman*, 132 S. Ct. at 2064, nor does it permit this Court to reweigh the conflicts in the evidence or assess the credibility of the witnesses. The trier of fact was free to draw any reasonable inferences from the evidence, and to resolve the conflicts in the evidence in favor of the prosecution. In light of Lyons's testimony, the trial court's verdict was not "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. It follows that the court of appeals's rejection of petitioner's claim was not unreasonable, and that petitioner therefore is not entitled to habeas relief on this claim.

E.    *Delay in Arrest (Claim III)*

Petitioner next contends that he was denied his right to due process of law by the delay between the crime and the issuance of an arrest warrant, and his actual arrest. The crime occurred in May 2007 and an arrest warrant was issued shortly thereafter. However, petitioner was not actually arrested until December 2007. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.    *Clearly Established Law*

The Fifth Amendment provides, in relevant part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. The Supreme Court has indicated that, although statutes of limitations provide the "'primary guarantee against bringing overly stale criminal charges,'" where preindictment delay is involved "the Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S.

10

783, 789 (1977) (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)).[2]  The Sixth Circuit

> has consistently read *Lovasco* to hold that '[d]ismissal for pre-indictment delay is
> warranted only when the defendant shows [1] substantial prejudice to his right to a
> fair trial *and* [2] that the delay was an intentional device by the government to gain
> a tactical advantage.'

*United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (quoting *United States v. Brown*, 667 F.2d

566, 568 (6th Cir. 1982) (per curiam)) (emphasis and alterations in original).

2.     *Analysis*

Petitioner contends that he was prejudiced by the delay because, by the time he was arrested,

it was difficult to recall the details of the evening in question.  He also contends that there was no

satisfactory explanation for the delay in arrest, in light of the fact that he reported to his probation

officer every month.  The Michigan Court of Appeals rejected petitioner's claim, finding that he had

failed to establish prejudice by the delay.  The court reasoned that petitioner's claim was merely an

"undetailed claim of memory loss," *Hurn*, 2010 WL 4964053, at *6 (internal quotation omitted), and

that his claim of memory loss was belied by "the specificity level displayed during the trial

testimony of defendant and [defense witness] Ruff."  *Id.*  This determination was reasonable.

"In demonstrating actual prejudice, the defendant's burden is a heavy one: the proof must

be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or

evidence is prejudicial to his case."  *United States v. Talbot*, 51 F.3d 183, 185 (9th Cir. 1995);

*accord United States v. Jenkins*, 701 F.2d 850, 855 (10th Cir. 1983).  Here, petitioner claims only

that the delay caused his memory of the evening to dim, thus preventing him from presenting an

---

[2]Although the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial," U.S. CONST. amend. VI, this provision only applies after formal charges, i.e., an indictment, is pending.  Thus, the Sixth Amendment has no application to cases in which, as here, a defendant complains of preindictment delay.  *Lovasco*, 431 U.S. at 788-89; *Marion*, 404 U.S. at 320.

effective defense.  However, as the court of appeals observed, petitioner has offered no specificity regarding how the delay rendered him unable to effectively present his defense.  As the courts have explained, "[i]t is not enough to simply speculate–as [petitioner] does here–that witnesses' memories might have faded because of the passage of time.  In order to establish prejudice for due process purposes, a defendant's allegations of prejudice must be specific, concrete and supported by the evidence[.]" *Alena v. Honorable Judges of the Cir. Ct. of Cook County*, 138 F.3d 302, 310 (7th Cir. 1998) (internal quotation omitted); *see also*, *Marion*, 404 U.S. at 325-26; *United States v. Mmahat*, 106 F.3d 89, 94 (5th Cir. 1997); *United States v. Moore*, 515 F. Supp. 509, 510 (S.D. Ohio 1981). Further, the simple "fact that witnesses' memories dim over time is not the sort of actual substantial prejudice that predicates reversal for pre-indictment delay." *Shurman v. Leonardo*, 768 F. Supp. 993, 999 (S.D.N.Y. 1991) (internal quotation omitted).  "'A mere claim of general inability to reconstruct the events of the period in question is insufficient to establish the requisite prejudice for reversal on denial of due process.'" *United States v. Gomez-Pizarro*, 364 F. Supp. 2d 56, 65 (D.P.R. 2005) (quoting *United States v. Golden*, 436 F.2d 941, 943 (8th Cir. 1971))  Here, petitioner offers no support for his claim that the passage of time sufficiently dimmed his memory to prejudice his defense, and the claim is belied by the detailed, concrete, and specific testimony he gave at trial regarding the events in question.  *See* Trial Tr., dated 4/15/08, at 98-104 (petitioner's testimony indicating, *inter alia*, that petitioner remembered: the evening in question, what he was doing when the police pulled up, the manner in which a car he was standing next to was parked in the driveway, who was with him when the police pulled up, what the officers requested and said, what he was wearing, and the identity of another person he claimed fled from the scene when the officers arrived).  In light of petitioner's detailed recall of the evening in question, the court of appeals's conclusion that petitioner had failed to establish prejudice was reasonable.

Further, petitioner has failed to present any allegation or evidence that the delay in his arrest was an intentional device by the prosecution to gain a tactical advantage. Petitioner, relying on state cases, suggests that it was the prosecution's burden to provide a satisfactory explanation for the delay in his arrest. Regardless of whether petitioner has correctly interpreted Michigan law, for purposes of the Due Process Clause of the federal constitution it is petitioner's burden "to show that the delay in bringing charges against him was "an *intentional* device to gain a tactical advantage." *Brown*, 959 F.2d at 66 (emphasis added); *see also*, *United States v. Gouveia*, 467 U.S. 180, 192 (1984) (Due Process Clause requires dismissal based on preindictment delay "if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him[.]"); *Marion*, 404 U.S. at 324 (same). Negligence on the part of the government is insufficient to meet this standard. *See United States v. Stierwalt*, 16 F.3d 282, 285 (8th Cir. 1994); *United States v. Benson*, 846 F.2d 1338, 1343 (11th Cir. 1988); *United States v. Glist*, 594 F.2d 1374, 1378 (10th Cir. 1979); *United States v. Norris*, 501 F. Supp. 2d 1092, 1101 (S.D. Ohio 2007) (discussing Sixth Circuit cases). Thus, "where the record shows no reason for the delay (or where delay is due to simple negligence), no due process violation exists." *United States v. Foxman*, 87 F.3d 1220, 1223 n.2 (11th Cir. 1996). Here, the record shows no reason for the delay in petitioner's arrest, and it appears to be the result of simple negligence. Because petitioner has failed to demonstrate that the delay in his arrest was the an intentional device by the prosecution to gain a tactical advantage, and because the court of appeals's determination that petitioner failed to demonstrate actual prejudice is reasonable, petitioner is not entitled to habeas relief on this claim.

F.    *Fingerprint Evidence (Claim IV)*

Petitioner next contends that he was denied his right to due process because the police failed to properly investigate fingerprint evidence on the gun and destroyed the gun. The Court should

13

conclude that petitioner is not entitled to habeas relief on this claim.

      1.    *Clearly Established Law*

The Due Process Clause requires the state to disclose exculpatory evidence to the defense. *See Brady v. Maryland*, 373 U.S. 83 (1963). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Thus, in order to establish a *Brady* claim, petitioner must show that: (1) evidence was suppressed by the prosecution in that it was not known to petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of petitioner's guilt. *See Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000); *Luton v. Grandison*, 44 F.3d 626, 628-29 (8th Cir. 1994); *see also*, *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Petitioner bears the burden of establishing each of these three elements. *See Carter*, 218 F.3d at 601. Further, although *Brady* requires disclosure of exculpatory evidence, it is well established, that "*Brady* . . . does not require the government to create exculpatory material that does not exist." *United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir. 1980); *see also*, *Richards v. Solem*, 693 F.2d 760, 766 (8th Cir. 1982) ("Although the state has a duty to disclose evidence, it does not have a duty to create evidence.").

The *Brady* rule extends to evidence which is not suppressed, but is lost or destroyed. *See California v. Trombetta*, 467 U.S. 479, 489 (1984). This rule, however, applies only to material exculpatory evidence, that is, evidence which "both possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id*. at 488-89.

However, "the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). In a case involving potentially useful evidence, the defendant must "show bad faith on the part of the police." *Id.*; *see also*, *Illinois v. Fisher*, 540 U.S. 544, 548 (2004) (per curiam). As the Sixth Circuit has explained, *Trombetta* and *Youngblood* establish "[s]eparate tests . . . to determine whether the government's failure to preserve evidence rises to the level of a due process violation in cases where material exculpatory evidence is not accessible, versus cases where 'potentially useful' evidence is not accessible." *United States v. Wright*, 260 F.3d 568, 570 (6th Cir. 2001).

Where the *Youngblood* bad faith requirement applies, "[t]he presence or absence of bad faith by the [government] for the purposes of the Due Process Clause must necessarily turn on the [government's] knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Id.* at 56 n.*. Thus, "where the government is negligent, even grossly negligent, in failing to preserve potential exculpatory evidence, the bad faith requirement is not satisfied." *Wright*, 260 F.3d at 571; *see also*, *United States v. Garza*, 435 F.3d 73, 75 (1st Cir. 2006). Further, the requirement that a defendant show bad faith is not eliminated by the existence of a pending discovery request for the evidence, *see Fisher*, 540 U.S. at 548, nor does it depend on "the centrality of the contested evidence to the prosecution's case or the defendant's defense[.]" *Id.* at 549.

2.    *Analysis*

At the outset, two aspects of petitioner's claim provide no basis for habeas relief. First, in his claim petitioner suggests that the police failed to fully investigate fingerprint evidence on the gun, and failed to perform other tests, such as preparing a fired gun report. This claim provides no

basis for habeas relief.  As noted above, it is well established that "*Brady* . . . does not require the government to create exculpatory material that does not exist," *Sukumolachan*, 610 F.2d at 687, and the government in a criminal prosecution "do[es] not have a constitutional duty to perform any particular test." *Youngblood*, 488 U.S. at 59. r. 1980).  Further, once the police have sufficient evidence to establish probable cause, they may arrest and proceed against a suspect without conducting a further investigation for exculpatory evidence which may have exonerated the suspect. *See United States v. Harness*, 453 F.3d 752, 755 (6th Cir. 2006); *Klein v. Long*, 275 F.3d 544, 551-52 (6th Cir. 2001).  Thus, petitioner cannot show that the alleged failure of the police to fully investigate his crime deprived him of any constitutional right, and he is therefore not entitled to habeas relief on this claim.  *See  Maness v. Runnels*, No. CIV-S-06-0409, 2009 WL 1155670, at *4 (E.D. Cal. Apr. 29, 2009) ("To the extent petitioner believes police officers did not adequately investigate [his crime], petitioner fails to state a claim upon which relief can be granted because he has no constitutional right to a police investigation, adequate or otherwise."); *Thomas v. Warren*, 398 F. Supp. 2d 850, 859 (E.D. Mich. 2005) (Gadola, J.).

Second, any claims relating to problems in the police department's crime lab are not relevant to petitioner's claim.  Although petitioner notes what are by now well-known problems that the crime lab had in handling evidence, all that is relevant here is the acts and omissions of the police in handling the evidence in petitioner's case.  The fact that the police may have mishandled evidence in other, unrelated cases does not itself provide any basis for habeas relief.  *Cf. Brayboy v. Napel*, No. 2:11-CV-11021, 2012 WL 37395, at *8 (E.D. Mich. Jan. 9, 2012) (Friedman, J.); *Harris v. Berghuis*, No. 11-14169, 2011 WL 5158059, at *4 (E.D. Mich. Oct. 28, 2011) (Lawson, J.).

Turning to the substance of petitioner's claim, the Michigan Court of Appeals rejected the claim, concluding that the firearm was only potentially useful evidence, and petitioner failed to show

16

that the police acted in bad faith.  The court explained:

> In this case, first and foremost defendant cannot show that the prosecutor possessed evidence favorable to him. The police forensic examiner testified that she inspected the gun in conformity with the lab's standard procedure and did not recover any prints. The examiner characterized as common the lack of any identifiable prints on weapons. Although Officer Betts testified at trial about his observation of possible prints on the gun, his testimony does not tend to prove that the prints belonged to any particular person, or even that that any usable prints would exist on the gun. And, even had police detected another person's prints on the gun, this finding would not have automatically exonerated defendant in light of the fact that Officer Lyons testified that he had seen defendant carrying the gun. Thus, even if the police forensic examiner should have found fingerprints, any prints that the examiner ought to have found fall within the category of "potentially useful" evidence. Because defendant on appeal only puts forth allegations of the examiner's negligent performance of her duties, and not bad faith, he simply cannot show that any bad faith processing of potentially useful evidence deprived him of due process.

*Hurn*, 2010 WL 4964053, at *7.  This determination was reasonable.

First, the court of appeals reasonably concluded that the firearm constituted only potentially useful evidence.  Although one officer testified that he thought he saw a fingerprint on the gun, the fingerprint expert testified that she examined the gun and did not recover any prints, and that this was not an uncommon occurrence with respect to a handgun.  And even if there was a recoverable print on the gun, this print did not itself have an apparently exculpatory value; it could just as easily have inculpated as exonerated petitioner.  Only further testing of such a print, if it existed, would have had the potential to exonerate petitioner.  Thus, the gun was only potentially useful evidence.  *See United States v. Tugwell*, No. 98-10479, 1999 WL 510769, at *1 (9th Cir. July 12, 1999); *United States v. Brown*, No. 97-4192, 1997 WL 720418, at *3 (4th Cir. Nov. 5, 1997); *Morgan v. Palmer*, No. 2:11-cv-10265, 2012 WL 1806154, at *5 (E.D. Mich. May 17, 2012) (Hood, J.).  This being the case, the court of appeals was correct in concluding that petitioner would be entitled to relief only if the police acted in bad faith.  *See Youngblood*, 488 U.S. at 58.

And in light of this conclusion, the court of appeals was correct to reject petitioner's claim.

17

Although petitioner contends that the police acted with negligence and failed to follow proper procedures, he does not allege, much less point to anything in the record which shows, that the police acted in bad faith in connection with the testing and handling of the gun.[3]  Petitioner has pointed to no "independent evidence that the [police were] somehow improperly motivated," *United States v. Gallant*, 25 F.3d 36, 39 n.2 (1st Cir. 1994), or that the police "made a conscious effort to harm him or violate his rights."  *United States v. Seibert*, 148 F. Supp. 2d 559, 571 (E.D. Pa. 2001) (citing *Trombetta*, 467 U.S. at 488 ("The record contains no allegation of official animus toward respondents or of a conscious effort to suppress exculpatory evidence.").  In the absence of any such showing, petitioner is not entitled to habeas relief on this claim.

G.    *Ineffective Assistance of Counsel (Claims I & III)*

Finally, petitioner contends that his counsel was ineffective for: (1) failing to call a fingerprint expert; (2) failing to move to dismiss based on the delay in arrest; (3) waiving the testimony of Officer Davis; and (4) failing to call Stephanie Bryant as a witness.  The Court should conclude that petitioner is not entitled to habeas relief on these claims.

1.    *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *Id*. at 687.  These

---

[3]Notably, as petitioner makes clear in his motion for discovery, the gun was not destroyed during the pendency of the trial, and thus was available for testing prior to petitioner's conviction.  According to petitioner, the gun was destroyed nearly two months after his conviction.

two components are mixed questions of law and fact. *Id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the

integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

2.   *Analysis*

a. *Fingerprint Expert*

Petitioner first contends that counsel was ineffective for failing to call a fingerprint expert. The Michigan Court of Appeals rejected this claim, explaining that petitioner had failed to present any facts "substantiating his speculation that an independent fingerprint expert might have uncovered a print on the handgun, let alone a print not belonging to defendant." *Hurn*, 2010 WL 4964053, at *2. This determination was reasonable. As explained above, it is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same). Thus, "a petition

20

for habeas corpus relief based on counsel's failure to call witnesses must present this evidence in the form of the actual testimony by the witness or affidavits." *United States ex rel. Townsend v. Young*, No. 01 C 0800, 2001 WL 910387, at *5 (N.D. Ill. Aug. 8, 2001) (citing *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)); *see also*, *Pittman v. Florida*, No. 8:05-cv-1700, 2008 WL 2414027, at *12 (M.D. Fla. June 11, 2008). Here, petitioner has presented no testimony, through affidavit or otherwise, from any expert suggesting that a print could have been recovered from the gun. Thus, he is not entitled to habeas relief on this claim.

### b. Motion to Dismiss

Petitioner next contends that counsel was ineffective for failing to move to dismiss the charges based on the delay between the crime and his arrest. As explained above, petitioner's underlying claim that his due process rights were violated by this delay is without merit. Counsel cannot be deemed ineffective for failing to raise a meritless motion to dismiss. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006) (counsel not ineffective for failing to raise meritless objection); *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995) (same); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993) (same). Accordingly, petitioner is not entitled to habeas relief on this claim.

### c. Waiving Officer Davis

Petitioner next contends that counsel was ineffective for waiving the testimony of Officer Davis. Petitioner does not explain what testimony Officer Davis could have offered that would have assisted in his defense. He contends only generally that because the circumstances involved a large gathering at night, "testimony from all of the officers at the scene was crucial." Br. in Supp. of Pet., at 5. As with petitioner's claim regarding the fingerprint expert, this conclusory assertion is insufficient to meet petitioner's burden of demonstrating that counsel was ineffective. Accordingly,

21

petitioner is not entitled to habeas relief on this claim.

### d. Stephanie Bryant

Petitioner finally contends that counsel was ineffective for failing to call Stephanie Bryant as a witness. At the evidentiary hearing on petitioner's claim, Bryant testified that she did not see petitioner with a gun, but that she did see Ruff with a gun and Ruff later admitted to throwing the gun in the bushes. Counsel testified that petitioner was insistent that Ruff testify. *See* Evid. Hr'g Tr., dated 7/14/09, 11-12. Counsel interviewed both Bryant and Ruff before trial, *see id.* at 5-6, 17-18, and was satisfied that Ruff would do well as a witness, *see id.* at 14. Counsel further testified that he thought Ruff had testified well at trial, and that he did not want to call Bryant because, in light of Ruff's testimony, he wanted to focus on inconsistencies in the prosecution's case and did not want to risk the possibility that Bryant's testimony would contradict Ruff's testimony. *See id.* at 8-9, 19-20. The trial court rejected petitioner's claim, concluding that counsel made a reasonable decision to not call Bryant because her testimony would have somewhat contradicted the testimony of Ruff and petitioner, both of whom testified that petitioner did not have a gun but neither of whom testified that the gun belonged to Ruff. The court of appeals affirmed this determination. *See Hurn*, 2010 WL 4964053, at *4. In light of the double layer of deference this Court must apply to petitioner's claim, the Court should conclude that petitioner is not entitled to habeas relief.

Counsel's strategic decisions regarding what witnesses to call at trial are "virtually unchallengeable." *Awkal v. Mitchell*, 613 F.3d 629, 641 (6th Cir. 2010). The Court's "concern is not to decide, using hindsight, what [it] think[s] would have been the *best* approach at trial. Instead, [the Court] consider[s] only if the approach ultimately taken was within 'the wide range of reasonable professional assistance' given the circumstances." *English v. Romanowski*, 602 F.3d 714, 728 (6th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689). Here, counsel could have made a

22

reasonable strategic decision that Ruff's testimony was sufficient, in light of the other inconsistencies in the case highlighted by counsel, without additional testimony from Bryant that may have created inconsistencies in the defense. While a case can certainly be made that counsel should have called Bryant, particularly in light of her testimony at the evidentiary hearing, the question is not whether counsel could have performed better or whether a reviewing court would have done things differently; the only question is whether counsel's chosen course of action was reasonable. In light of counsel's testimony at the evidentiary hearing, it cannot be said that counsel's decision was unreasonable. And it certainly cannot be said that the Michigan Court of Appeals's determination that counsel was reasonable was itself unreasonable. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

H.    *Discovery/Evidentiary Hearing*

Also pending before the Court is petitioner's motion for discovery and for an evidentiary hearing, filed on April 16, 2012. Specifically, petitioner seeks discovery and an evidentiary hearing relating to the destruction of the weapon. The Court should deny this motion.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). In addressing whether an evidentiary hearing is appropriate in a

habeas corpus case, a court must consider two separate issues: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) is a hearing permitted under 28 U.S.C. § 2254(e)(2).  In deciding whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963).  As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citations and footnote omitted).

Here, petitioner cannot establish good cause for discovery or that an evidentiary hearing would have the potential to advance his claims.  As noted above, the gun at issue was destroyed after petitioner's conviction, and thus was available during the pendency of his trial.  Further, it is clear that the gun lacked any apparent exculpatory value, and the police expert who tested the gun found no fingerprints.  Petitioner offers nothing to show that discovery or an evidentiary hearing would advance his claim that the gun was destroyed in bad faith.  Petitioner suggests that the evidence was not credible because no testing was performed to determine whether the gun was recently fired, whether there were fingerprints on the bullets in the gun, or whether he had gunshot residue on his

hands, but the fact that these tests were not performed is already well established.  The existence or

destruction of the gun has no bearing on the failure of the police to perform these tests, nor does this

failure suggest that the police destroyed the gun in bad faith.  Absent any reason to believe that

discovery or an evidentiary hearing could shed light on the only relevant issue–whether the police

acted in bad faith in destroying the gun–petitioner is not entitled to an evidentiary hearing or

discovery.  Speculative allegations are insufficient to entitle a petitioner to an evidentiary hearing.

*See Getsy v. Mitchell*, 495 F.3d 295, 312 (6th Cir. 2007); *Young v. Herring*, 938 F.2d 543, 560 &

n.12 (5th Cir. 1991).  Petitioner's "'bald assertions and conclusory allegations do not provide

sufficient ground to warrant requiring . . . an evidentiary hearing.'" *Washington v. Renico*, 455 F.3d

722, 733 (6th Cir. 2006) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)).

Accordingly, the Court should deny petitioner's motion for discovery and an evidentiary hearing.

I.      *Recommendation Regarding Certificate of Appealability*

        1.      *Legal Standard*

        As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides

that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge

issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that

"[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing

of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this

language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S.

880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a

certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack

v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a

"substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously

25

less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.      *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the

Court should also conclude that petitioner is not entitled to a certificate of appealability. Because it is clear that this Court may not reject the trier of fact's credibility findings, and because Officer Lyons's testimony if believed clearly established that petitioner possessed a gun, the resolution of petitioner's sufficiency of the evidence claim is not reasonably debatable. Further, because petitioner has provided nothing to show that the delay in his arrest either was an intentional device by the police to gain a tactical advantage or resulted in actual prejudice, the resolution of petitioner's pre-arrest delay claim is not reasonably debatable. Similarly, because the gun was destroyed after trial, had no apparent exculpatory value, and petitioner failed to show bad faith on the part of the police, the resolution of petitioner's evidence destruction claim is not reasonably debatable. Finally, in light of the doubly deferential standard of review applicable to petitioner's ineffective assistance claims, the resolution of those claims is not reasonably debatable, for the reasons explained above. Accordingly, the Court should deny petitioner a certificate of appealability.

J.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law, and that petitioner is not entitled to an evidentiary hearing or discovery. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus and his motion for discovery and an evidentiary hearing. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of

appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                          s/Paul J. Komives_____
                                          PAUL J. KOMIVES
                                          UNITED STATES MAGISTRATE JUDGE
Dated: 11/20/12


> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on November 20, 2012.
>
>                    s/Eddrey Butts_____
>                    Case Manager